DECISION
This matter is before the court on Defendant's Motion to Dismiss (Motion), filed May 9, 2011. Defendant alleges in its Motion that Plaintiff did not file his appeal within 30 days of the date of the mailing of the county board of property tax appeals (BOPTA) order. Defendant further asserts the court lacks jurisdiction under ORS 305.288(3).
The court addressed Defendant's Motion with the parties during a telephone case management hearing held June 9, 2011. Plaintiff appeared on his own behalf, and was placed under oath by the court to give testimony. Defendant was represented by Jeff Brown and David Babcock.
 I. STATEMENT OF FACTS
This appeal involves three unimproved lots that Plaintiff purchased from a bank for $75,000 each. The lots are identified in the assessor's records as Accounts R624250, R624251, and R624252. Plaintiff appealed the tax year 2010-11 values of those lots to BOPTA, which sustained the values. The BOPTA orders were signed March 11, 2011, and mailed March 14, 2011.
Plaintiff appealed the BOPTA orders to the Magistrate Division of the Oregon Tax Court. The envelope containing his Complaint was postmarked April 14, 2011. Pursuant to court rules, *Page 2 
the court served Defendant with a copy of Plaintiff's Complaint, and Defendant filed its Motion based on untimeliness.
Plaintiff testified that he was out of the country on vacation with his family during his son's spring break. They were gone from approximately March 10, 2011, to April 4, 2011. While they were out of town, Plaintiff's wife had their mail sent to a post office box so that their incoming mail would not fill their mailbox and alert the public that the family was away for an extended period of time. Upon their return, Plaintiff's wife retrieved the mail from the post office box. At some point, Plaintiff discovered the mail from BOPTA that contained the three separate orders sustaining the assessor's values.
After reviewing the BOPTA orders, Plaintiff met with an attorney to discuss the lots' values, because the values on the assessment and tax rolls are at least three times as much as he had paid. That meeting occurred sometime after Plaintiff returned from vacation on April 4, 2011. Plaintiff testified that the attorney told him that he could appeal the orders to the Magistrate Division of the Tax Court on his own, and that it would not be in Plaintiff's financial interest to hire the attorney to represent him. Plaintiff testified that he also spoke with an appraiser about the value of his property compared to the assessor's tax roll values. Plaintiff concluded an appeal was in order.
On April 13, 2011, Plaintiff downloaded the blank Complaint form for appealing to the Magistrate Division of the Tax Court. He completed the form that day and stopped at a local third-party mail delivery company (Plaintiff believed it was either UPS or FedEx) to mail his Complaint on his way to an appointment Plaintiff had in downtown Portland. Plaintiff testified that he was at the mail delivery store sometime between 3:00 p.m. and 4:30 p.m. on April 13. Plaintiff further testified that the carrier's employee assured him that his envelope would be *Page 3 
postmarked by April 14, 2011, which is the date Plaintiff believed was the final day on which he could have his appeal postmarked and considered timely. Plaintiff was aware there was a 30 day deadline to appeal the BOPTA orders, but mistakenly believed that the 30 day deadline was April 14, 2011.
 II. ANALYSIS
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the process is to file a petition with the local county BOPTA where the property is located. ORS 309.026(2) (authorizing BOPTA to hear petitions for reductions in assessed value, real market value and maximum assessed value); ORS 309.100(1) (authorizing property owners and others with an interest in the property to petition BOPTA for the types of relief allowed under ORS 309.026); ORS 305.275(3) (precluding appeals to the Magistrate Division of the Tax Court if a taxpayer may appeal to BOPTA).[1] Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).
If the taxpayer is unhappy with the BOPTA decision, the taxpayer can file an appeal with the magistrate division of the Tax Court "within 30 days after the * * * date of mailing of the order." ORS 305.280(4). Plaintiff missed the 30 day appeal deadline by one day. The BOPTA orders were mailed March 14, 2011. The 30 day deadline was April 13, 2011. Plaintiff's Complaint was postmarked April 14, 2011.
The legislature granted this court authority to review untimely appeals in two circumstances, depending on the type of property under appeal. One of the two circumstances does not apply in this case because the property under appeal is undeveloped land and is *Page 4 
therefore "[not] used primarily as a dwelling * * * of not more than four units." ORS 305.288(1)(a).
The other circumstance in which the court can hear an untimely appeal is when the taxpayer establishes "good and sufficient cause" for not timely pursuing the statutory right of appeal. ORS 305.288(3). ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal.
(Emphasis added.) That statute defines "good and sufficient cause" as follows:
"Good and sufficient cause:
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
Plaintiff's reason for not timely appealing from the BOPTA order was not due to any "extraordinary circumstance[s]" that were "beyond [his] control." ORS 305.288(5)(b)(A). Plaintiff did not appeal on time for several reasons: he was on vacation for much of the 30 day appeal period; he miscalculated the 30 day deadline by one day; and he waited until the last minute to fill out the appeal form and take it to an independent mailing service. In fact, Plaintiff was at that business on the deadline date and, had he been aware of the correct deadline, likely could have insured timely posting of his appeal or taken the envelope to a branch of the US Postal Service and insured that they would have it postmarked that same day, assuming Plaintiff *Page 5 
was in fact acting before the normal close of business for the postal service.
Plaintiff's situation falls within the statutory exclusion of the "good and sufficient cause" definition, as being due to either inadvertence, oversight, lack of knowledge, or a combination of the three.
 III. CONCLUSION
Plaintiff did not file his tax year 2010-11 value appeal within 30 days of the date of the mailing of the BOPTA orders for the three properties under appeal (assessor's Accounts R624250, R624251, and R624252), as required by ORS 305.280(4). Furthermore, Plaintiff does not meet the "good and sufficient cause" provision found in ORS 305.288(3), and the court therefore lacks jurisdiction under that statute. Accordingly, Defendant's Motion to Dismiss must be granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss Plaintiff's tax year 2010-11 value appeal as untimely is hereby granted and Plaintiff's Complaint is dismissed.
Dated this ___ day of 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon June 30, 2011. The Court filed and entered this documenton June 30, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1